

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Stanley Kulewik
County Attorney
DeWitt County
Cuero, Texas

Dear Sir:

Opinion No. O-3381
Re: Effective date of House
Bill 369 (salaries of
county commissioners)

Your recent request for an opinion of this department concerning the effective date of House Bill 369, passed by the Texas Legislature in the year 1941, has been received.

We quote from your letter as follows:

"A very important question arises involving House Bill No. 369, styled County Commissioners - Salary in Certain Counties. Said act reads as follows:

"'Be it enacted by the Legislature of the State of Texas:

"'Section 1. That the salaries and compensation of each of the County Commissioners in all counties having a population of not less than twenty-four thousand, nine hundred (24,900) inhabitants and not more than twenty-five thousand (25,000) inhabitants shall be Eighteen Hundred Dollars ($1800) per annum, payable in equal monthly installments, and that the Commissioners' Court is hereby authorized to allow each Commissioner not in excess of Fifty Dollars ($50) per month as traveling expenses; and in any county having a population of not less than fifty thousand (50,000) and not more than sixty thousand (60,000) inhabitants, and having an assessed valuation exceeding Seventy-five Million Dollars ($75,000,000), according to the last approved tax rolls for the preceding year, is hereby authorized to allow

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

each County Commissioner the sum of Fifty
Dollars ($50) per month as traveling expenses.

"Sec. 2. All laws and parts of laws in
conflict herewith are hereby repealed.

"Sec. 3. The fact that salaries and
traveling expenses for County Commissioners
in counties affected by this Act are grossly
inadequate creates an emergency and an impera-
tive public necessity that the Constitutional
Rule requiring bills to be read on three
several days be suspended, and said Rule is
hereby suspended, and this Act shall take
effect and be in force from and after its
passage, and it is so enacted.

"Passed by the House, February 26, 1941:
Yeas 129, Nays 0; House refused to con-
cur in Senate amendments, March 26, 1941,
and requested appointment of a Confer-
ence Committee to consider the differ-
ences between the two Houses; House
adopted the Conference Committee Report,
May 12, 1941: Yeas 116, Nays 0; passed
by the Senate, as amended, March 26,
1941: Yeas 28, Nays 1; at request of
House, Senate appointed a Conference
Committee and Senate adopted Conference
Committee Report, May 9, 1941; by a
viva voce vote.

"Filed without the Governor's signature,
May 26, 1941.

"Effective 90 days after date of adjournment.'

"There is a question in my mind as to whe-
ther this act actually became a law ten days
from May 26, 1941, or whether it actually and
only becomes effective as stated in the last
sentence of the above Bill 'Effective 90 days
after date of adjournment', which, of course,
would be 90 days from July 4, 1941."

This department has written many opinions holding
that similar bills, which seek to fix the salaries of county
officers in a particular county, are in violation of Section
56 of Article 3 of the State Constitution, which provides in
part:

"The Legislature shall not, except as otherwise provided in this Constitution, pass any local or special law, authorizing:

". . .

"Regulating the affairs of counties, cities, towns, wards or school districts;

". . .

"and in all other cases where a general law can be made applicable, no local or special law shall be enacted; provided, that nothing herein contained shall be construed to prohibit the Legislature from passing special laws for the preservation of the game and fish of this State in certain localities."

Your attention is directed to Article 3350, Vernon's Annotated Civil Statutes, which is the general law fixing the salaries of county commissioners. We have carefully considered House Bill 565, which is quoted above, in connection with Section 56 of Article 3 of the State Constitution, and the cases of Bexar County v. Tynan, et al, 97 S. W. (2d) 467 and Miller v. El Paso County, 150 S. W. (2d) 1000, and the authorities cited therein; and it is the opinion of this department that House Bill 565, supra, is a special or local law seeking to fix the salaries of county officers, namely, the county commissioners, and is therefore unconstitutional and void.

As it is our opinion that the above mentioned bill is unconstitutional and void, the question submitted in your inquiry relative to the effective date of said House Bill becomes moot. However, if said act had been valid, it would become effective 90 days after adjournment of the Legislature, or on October 2, 1941.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Ardell Williams_

Ardell Williams
Assistant

APPROVED
JUL 16 1941

ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY _BW_
CHAIRMAN

AW:GO